# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **1:04CV00987** |
| | ) | |
| **THREE TRACTS OF REAL** | ) | |
| **PROPERTY IN EAST BEND** | ) | |
| **TOWNSHIP, YADKIN COUNTY,** | ) | |
| **NORTH CAROLINA, INCLUDING** | ) | |
| **PREMISES KNOW AS 205 WEST** | ) | |
| **MAIN STREET, WITH ALL** | ) | |
| **APPURTENANCES AND** | ) | |
| **IMPROVEMENTS THEREON,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter came before the Court on June 26, 2006, for a hearing on the motion of the United States to strike the claim of Dora Andaya (Sanchez) in this forfeiture proceeding for failure to provide discovery in compliance with the Court's Order of January 9, 2006. After hearing from counsel for the parties, and for reasons announced in open court, the Undersigned recommends that the Motion to Strike (Pleading No. 15) be granted.

In its Order of January 9, 2006, the Court directed Claimant Andaya to answer the discovery requests properly served upon her by the government. The Court also advised that "[f]ailure to respond to discovery as herein ordered may result in sanctions as provided in

Fed. R. Civ. P. 37(b)(2), and may include among other things, dismissal of the Claimant's claim." Claimant was given until January 20, 2006, to provide her answers and produce documents, but she failed to provide discovery as ordered and her time to comply with the Order has long expired. At the hearing of June 26, counsel for the Claimant advised that he had informed Claimant of her duty to provide discovery and of the consequences of a failure to do so. Nonetheless, counsel has received no cooperation from Claimant in the provision of materials in response to the discovery requests.

Under the test of *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assoc. Inc.,* 872 F.2d 88, 92 (4th Cir. 1989), Claimant Andaya's claim in this forfeiture proceeding should be stricken. Dismissal of an action or the striking of a claim is an extreme sanction reserved for circumstances of bad faith and callous disregard of the federal rules. In this case, Claimant's bad faith is apparent: she has without excuse simply ignored a direct order of this Court that she provide discovery responses, and she has not cooperated with her attorney in giving discovery. Plaintiff is severely prejudiced as it cannot produce all the evidence relevant to the issues raised by Claimant's claim. Outright non-compliance with a court order cannot be countenanced, and such flagrant violation of the rules must be deterred. No less drastic a sanction than dismissal can be effective in the face of Claimant's complete refusal to participate in discovery.

Accordingly, **IT IS RECOMMENDED** that the claim of Dora Andaya (Sanchez) in this forfeiture proceeding be stricken.


_____/s/ P. Trevor Sharp_____
United States Magistrate Judge



Date:  July 11, 2006